UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ALBERTO ROLANDO CARILLO-MONTELONGO,<br>                Defendant. | Criminal No. 05-386-7 (ESH) |

**DETENTION MEMORANDUM**

The Defendant, Alberto Rolando Carillo-Montelongo, has been charged by indictment with conspiracy to distribute narcotics in violation of 21 U.S.C. § 846, narcotics crimes carrying a penalty in excess of ten years. Specifically, the Defendant is charged with conspiracy to distribute cocaine and cocaine base, a violation of the Controlled Substances Act. The government requested a detention hearing which was held on November 2, 2005. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**Findings of Fact**

At the detention hearing, the government proceeded by written and oral proffer. According to the government, the Defendant was one of at least nine individuals involved in a large scale crack cocaine and powder cocaine distribution operation. The Government alleged that Antoine Jones, a Co-Defendant indicted with Carillo-Montelongo, was a major distributor in this drug ring, based in the District of Columbia. The government alleges that Carillo-Montelongo conspired with Jones and the other named Defendants to distribute hundreds of kilos of cocaine. Carillo-Montelongo is a Mexican national who lives and works in Mexico. He was in the U.S. on a valid tourist visa at the time of his arrest.

On Oct. 24, 2005, based on two months of intercepted phone calls and other information, agents executed search warrants at multiple locations, including 9508 Potomac Drive, Fort Washington, Maryland. The government believes that this particular location is a stash house and meeting place for Jones' Hispanic drug suppliers, who allegedly operate out of McAllen, Texas.

Agents executed the search at 6:00 in the morning. Carillo-Montelongo was found asleep on an air mattress. The house was unfurnished, with the exception of several air mattresses, a kitchen table, a few chairs and a televison set with a video game unit. In the course of the search, agents recovered 97 kilograms of cocaine, 3 kilograms of cocaine base and $750,000 in cash in shrink-wrapped bundles in the attic of the house. Agents also recovered more than $94,000 in loose cash and a money counting machine from a bedroom closet on the first floor of the house. Finally, two heat sealing devices and a shrink wrap machine were found in the kitchen.

**Discussion**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

When, as here, probable cause exists to believe that the Defendants have committed a violation of the Controlled Substance Act for which a maximum penalty of 10 years or more is prescribed, a rebuttable presumption arises that the Defendants constitute a danger to the community, and no pretrial release condition or combination of conditions may be imposed to assure their future presence in court or to reasonably assure the safety of the community, they should not be released pending trial.

In determining whether there are conditions of release which will reasonably assure the Defendants' future presence in court or assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendants; (3) the Defendants' history and characteristics, including the Defendants' ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendants' release. *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. The Defendant

is charged with being an active participant in a major drug distribution conspiracy involving sales of hundreds of kilos of cocaine, a particularly destructive and dangerous narcotic.

The second factor, the weight of the evidence, also favors detention. A grand jury has found probable cause to believe that the Defendant participated in a conspiracy to distribute large quantities of cocaine. Furthermore, the Defendant was found in a house from which 97 kilograms of cocaine and 3 kilograms of cocaine base were seized, along with three quarters of a million dollars. Considering Defendant's lack of any ties to the District of Columbia, his presence in the United States on a tourist visa and the unfurnished state of the house, the likelihood that Defendant was simply in the wrong place at the wrong time strikes this Court as implausible.

The third factor, the history and characteristics of the Defendant, also favors detention, but solely on the basis of risk of flight. Defendant has no criminal record. However, the Defendant is a Mexican citizen who lives and works in Mexico. Moreover, he has no ties to the D.C. area. Thus, the Defendant's history and characteristics indicate that he would be a flight risk if released. pending trial.

The fourth factor, the nature and seriousness of the danger to the community should the Defendants be released, also favors detention. The Defendant is charged with conspiracy to distribute hundreds of kilos of cocaine. Such charges alone indicate that the Defendant, if released, would pose a substantial danger to the community.

## Conclusion

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes that the evidence clearly and convincingly establishes that the Defendants' pretrial release would constitute an unreasonable risk of danger to the community and a risk of flight. The

presumption in favor of detention established by the statute has not been overcome by the Defendant in this case. Moreover, upon consideration of the release conditions set out in 18 U.S.C. § 3142(c), this Court concludes that no condition or combination of conditions can be imposed to reasonably assure the safety of the community or the future presence of the Defendant in this Court. Therefore, the government's motion for pretrial detention is granted.

Dated: November _3rd_, 2005                  _____/s/_____
                                              ALAN KAY
                                              UNITED STATES MAGISTRATE JUDGE